IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


VARAH V. VARAH


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


RICHARD C. VARAH, APPELLANT,

V.

JESSICA E. VARAH, NOW KNOWN AS JESSICA E. MANKA, APPELLEE.


Filed July 26, 2022.    No. A-21-850.


Appeal from the District Court for Clay County: STEPHEN R. ILLINGWORTH, Judge. Affirmed.

Mitchell C. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellant.

Jennifer D. Kearney, of Bradley Law Office, P.C., for appellee.


MOORE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Richard C. Varah appeals from the order of the district court for Clay County that found Richard in contempt of court for failure to pay medical bills and ordered that he may purge the contempt by paying $4,475.71. For the reasons set forth below, we affirm.

## BACKGROUND

Richard and Jessica E. Varah, now known as Jessica E. Manka, were divorced in 2012. They have four children, two of whom were still minors at the time of this action.

According to the dissolution decree, nunc pro tunc order, and amended decree, Jessica is responsible for the first $480 of all non-reimbursed, reasonable and necessary health, dental, optical, and orthodontia expenses each year for each minor child. For any expenses over $480, Richard is responsible for 62 percent, and Jessica is responsible 38 percent. Jessica was required

to provide proof of such expenses from the non-covered health, dental, optical, or orthodontia provider to Richard.

Jessica filed a motion for an order to show cause on March 5, 2020, alleging that Richard had not paid his portion of the uncovered medical expenses. On June 29, 2021, Richard filed his own application for order to show cause alleging that Jessica had not followed the terms and conditions of the amended decree of dissolution. A subsequent hearing was held on the motions in which the following evidence was adduced.

Prior to Jessica's current marriage, the children's insurance was through Kids Connection with the State of Nebraska, therefore, there were no uncovered medical expenses from 2012 to 2015. Since 2015, Jessica's husband's health insurance covers the minor children. In 2015 and 2016, Jessica paid approximately $6,000 for orthodontia for one of the minor children. In 2018, she paid $287 toward another child's orthodontia. In July 2019, Jessica began paying $235 per month toward a total orthodontia bill of $7,500, in addition to a $1,870 downpayment.

In a letter dated August 28, 2019, and mailed on September 3, Jessica wrote to Richard requesting reimbursement for uncovered medical expenses, and she included medical bills for their two youngest children who were both minors. The letter was sent certified, and three notices were delivered to Richard. The letter was returned unclaimed on September 21. The following bills were included with the letter:

01/16/2019 for child one $177
01/16/2019 for child one $187.58
01/18/2019 for child one $1,576.49
01/23/2019 for child one $4,163.85
04/16/2019 for child one $126
    Insurance Payment: $82.01
    Insurance Adjustment: $13.99
07/31/2019 for child two $587
07/31/2019 for child one $401
Surgical Estimate $37,561
2015-2016 for child two $6,152
10/10/2018 for child one $287
07/30/2019 for child one $7,500

A letter with the bills was also delivered to Richard's last attorney of record.

Richard testified that Jessica had sent him credit card receipts for medical bills, but not the actual bills. He asserted that he had not received any document from Jessica other than a handwritten calculation she prepared reflecting amounts allegedly incurred and owed by each party. Richard subpoenaed medical records from providers which contained bills, therefore, he was aware that the children had incurred expenses, but he did not pay anything because he was uncertain what his share of the expenses totaled. Regarding the certified letter that was returned unclaimed, Richard confirmed it was properly addressed to him.

Following the hearing, the district court issued its order. The court found that Jessica had sent a certified letter with documented medical bills for the two youngest children, and that Richard had received three notices but did not claim the letter. The district court stated "[Richard] cannot

refuse to accept certified mail and then claim he never received documentation." The district court found the notice provided by Jessica was timely and proper for the 2019 medical bills, but not for the 2015-2016 orthodontia bills.

The district court found Richard was in contempt for failing to pay his share of the uncovered 2019 medical expenses, which it calculated to be $4,475.71 ($7,218.88 x .62). The court did not include an orthodontics fee of $7,500 incurred in July 2019. Richard could purge his contempt by paying the $4,475.71 at the rate of $186.49 per month. Although Jessica does not cross-appeal, we note that she was also found in contempt for failing to advise Richard of nonroutine medical procedures. Additionally, the district court set more specific parameters for reimbursement of future medical bills. Richard timely appealed.

## ASSIGNMENTS OF ERROR

Richard assigns that the district court erred in finding (1) him in contempt of court, and (2) that he owed damages in the amount of $4,475.71.

## STANDARD OF REVIEW

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determination of whether a party is in contempt and of the sanction to be imposed are reviewed for an abuse of discretion. *Johnson v. Johnson*, 308 Neb. 623, 956 N.W.2d 261 (2021).

Richard claims the court erred in finding him in contempt. We find no abuse of discretion in the court's determination. Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016). Civil contempt requires willful disobedience as an essential element. *Id.* Willful means the violation was committed intentionally, with knowledge that the act violated the court order. *Id.* Willfulness is a factual determination to be reviewed for clear error. *State on behalf of Mariah B. v. Kyle B.*, 298 Neb. 759, 906 N.W.2d 17 (2018). Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence and without any presumptions. *Id.*

Here, the record supports the district court's finding that Richard willfully disobeyed the court's order to contribute to his children's medical bills. Richard argues that he did not have actual notice of the medical bills he was being asked to reimburse because he did not retrieve the certified letter that Jessica sent to him. However, Jessica mailed a properly addressed, certified letter to Richard on September 3, 2019, containing the bills. Richard's refusal to claim the letter does not excuse his obligation, nor does it negate the timely notice he was provided. We find no abuse of discretion in the court's finding that Richard was in contempt for failing to abide by the medical reimbursement provision of the decree.

Richard argues that Jessica had "unclean hands" because she admitted to not following the decree by failing to provide him with documentation of medical bills and insurance. Brief for appellant at 10. Consequently, he claims the district court should not have granted her an equitable

remedy. However, it is permissible for a court to grant cross-motions for contempt. See *Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012). Furthermore, the district court accounted for Jessica's failure to give timely notice of medical bills by limiting Richard's contempt to the 2019 bills.

Richard also assigns that the court erred in ordering him to pay $4,475.71 to purge his contempt. He argues that "[t]here is no indication as to how the District Court calculated this sum." Brief for appellant at 9. He also asserts that the court failed to account for the $480 per year that Jessica is first required to pay and failed to account for insurance payments received for the April 16, 2019, date of service. For the reasons discussed below, we find no abuse of discretion in the district court's determination of the purge amount and affirm as written.

We first dispense with Richard's argument that there is no indication how the court calculated the purge amount. The order very clearly sets forth each bill by date, child, and amount and totals those at $7,218.88, before multiplying that amount by .62 to arrive at Richard's share of $4,475.71. We reject Richard's argument to the contrary.

Regarding the initial $480 that Jessica is required to pay prior to Richard's obligation, the record is sufficient to show that Jessica paid more than $480 apart from the expenses awarded. Included within the documentation Jessica sent to Richard was a document outlining payment options for one of the children's orthodontia treatment dated July 2019. This reflects a total treatment fee of $7,500, broken down with a downpayment of $1,879, 23 monthly payments of $235, and a final payment of $225. Jessica testified that at the time of the contempt hearing, this child had been in braces for approximately 18 months. Although the court did not order Richard to pay any of these amounts, we can easily discern from the evidence that Jessica had paid more than her initial $480.

While Richard is accurate that the April 16, 2019, date of service was partially covered by insurance, the amount is negligible when compared to the total amount of the purge award. Therefore, we find no abuse of discretion in the district court setting Richard's purge amount at $4,475.71.

CONCLUSION

The district court did not abuse its discretion in finding Richard in contempt of court and calculating his purge amount. We affirm the district court's order.

AFFIRMED.